[No. 13647-3-II.   Division Two.   March 2, 1992.]

ROSEMARY GREENLAW, *Appellant*, v. JOHN RENN, ET AL, *Respondents*.

*Robert A. Izzo*, for appellant.

*James P. Murphy* and *Schwabe, Williamson & Wyatt*; *Eric L. Freise, Daniel M. Torrence*, and *Law Offices of Eric L. Freise*, for respondents.

ALEXANDER, J. — Rosemary Greenlaw appeals a summary judgment of the Pierce County Superior Court that dismissed, with prejudice, her malpractice action against Dr. John Renn and Good Samaritan Hospital. She claims on appeal that the trial court erred in not granting her motion for a voluntary nonsuit before ruling on the defendants' motion for summary judgment. We agree and reverse.

Greenlaw alleged in her complaint that Dr. Renn and Good Samaritan had been negligent in the manner in which they treated her for a broken leg. They answered the complaint, denied negligence, counterclaimed for attorney's fees and costs, and moved, pursuant to CR 56, for a summary judgment of dismissal with prejudice. As a part of their motion, they each requested costs and attorney's fees, pursuant to the provisions of RCW 4.84.185, contending that Greenlaw's lawsuit was frivolous.

The summary judgment motion was scheduled to be heard on January 12, 1990, but the hearing on the motion was continued to January 19. Greenlaw did not file any

affidavits or other materials in response to the defendants' motion. Instead, on the afternoon of January 18, 1990, Greenlaw's counsel filed a "Motion for Voluntary Dismissal" with the Pierce County Clerk, in which she sought dismissal of her cause of action without prejudice. Greenlaw's counsel served opposing counsel with a copy of the motion on that same day.

The following day, January 19, counsel for Greenlaw, Renn and Good Samaritan appeared for the scheduled hearing on the summary judgment motion. At the outset of that hearing, the trial court indicated that it had not received any materials from Greenlaw in response to the defendants' motion. The following colloquy between the trial court and plaintiff's counsel ensued:

> MR. IZZO: I had delivered to you yesterday a motion for voluntary dismissal.
> THE COURT: I did not receive it. Where did you deliver it to?
> MR. IZZO: I sent it by legal messenger to the court administrator's office and clerk's office with directions to file it yesterday.
> THE COURT: I don't have that.
> THE CLERK: I checked both places at 8:30 this morning.
> MR. IZZO: I sent it out special with the messengers.
> THE COURT: I'll hear from Mr. Markovich [counsel for Dr. Renn].

The trial court then heard Renn's counsel advance arguments in favor of summary judgment. Renn's arguments were adopted by counsel for Good Samaritan. The trial court asked Greenlaw's counsel for a response and he again reminded the trial court of his motion for voluntary dismissal. He argued that, pursuant to the provisions of CR 41, his client had an absolute right to a voluntary dismissal. The trial court declined to rule on Greenlaw's motion and granted summary judgment, dismissing Greenlaw's complaint with prejudice. The trial court also granted the defendants' request for attorney's fees and costs.

The only issue before us is whether the trial court erred in not granting Greenlaw's motion for dismissal without prejudice. CR 41(a)(1)(B) provides, in part, as follows:

[A]ny action *shall* be dismissed by the court:

. . . .

(B) By plaintiff before resting. Upon motion of the plaintiff at any time before [the] plaintiff rests at the conclusion of his opening case.

(Italics ours.)

Greenlaw argues that under this rule, she had an absolute right to obtain a voluntary nonsuit at any time prior to the summary judgment motion hearing. Renn and Good Samaritan respond that Greenlaw's motion to dismiss was made too late to entitle her to a voluntary nonsuit as a matter of right.

The right to a voluntary nonsuit is measured by the posture of the case at the time the motion is made, and the right to a dismissal is fixed at that point. *Elliott v. Peterson*, 92 Wn.2d 586, 588, 599 P.2d 1282 (1979). After a plaintiff rests his or her case, the right to a voluntary nonsuit, pursuant to CR 41(a)(1)(B), is no longer absolute and a voluntary nonsuit can be granted only upon a showing of good cause.

In *Paulson v. Wahl*, 10 Wn. App. 53, 57, 516 P.2d 514 (1973), this court concluded that a plaintiff has a right to a voluntary dismissal when the motion to dismiss is filed in lieu of filing responding affidavits to a motion for summary judgment:

We hold that a reasonable and proper interpretation of CR 41(a)(1)(B) and CR 56 dictates that a nonmoving plaintiff in a summary judgment procedure retains the right to a voluntary nonsuit until the motion for summary judgment has been submitted to the court for decision. . . .

Renn and Good Samaritan argue that this case differs from *Paulson* because Greenlaw did not file her motion for nonsuit until after the time for filing a response to the summary judgment motion had expired. They argue that Greenlaw had, in effect, rested her case and, as a consequence, she was no longer entitled to a nonsuit as a matter of right. They call our attention to *Beritich v. Starlet Corp.*, 69 Wn.2d 454, 418 P.2d 762 (1966), in which the court held that a trial court erred in granting a plaintiff's motion for a

voluntary dismissal without prejudice that was made after the trial court had orally announced its decision in favor of the defendant on the motion for summary judgment. The court held that the plaintiff was not, in such circumstances, entitled to a nonsuit as a matter of right, and noted that allowing a plaintiff to "exit stage left" upon hearing an adverse oral decision of the trial court would render the summary judgment procedure a virtual nullity. *Beritich v. Starlet Corp.*, 69 Wn.2d at 458.

The facts of this case lie somewhere between *Paulson* and *Beritich*. Greenlaw filed her motion for voluntary nonsuit after the time for filing affidavits in response to defendants' motion for summary judgment had expired, but before the trial court began the summary judgment hearing.

In our judgment, where a motion for voluntary nonsuit is filed and called to the attention of the trial court before the hearing on a summary judgment motion has started, the motion must be granted as a matter of right. *Beritich* does not mandate a contrary result. Here, Greenlaw's motion for voluntary nonsuit was filed before the summary judgment motion had been submitted to the court for a ruling. Other than the fact that the motion was filed after the time to respond to the summary judgment motion had expired, this case does not differ from *Paulson*.

Greenlaw had not, in our opinion, rested her case any more than had the plaintiff in *Paulson*. A party resisting a summary judgment motion is entitled to a hearing before the trial court at which arguments can be made, whether or not responsive documents were filed. CR 56(c). Here, the written motion for nonsuit was filed and served before the hearing, well before argument of counsel and the decision of the trial court.

Renn and Good Samaritan make the additional argument that Greenlaw failed to comply with CR 6(d) by failing to give at least 5 days' notice of her motion to dismiss, and therefore, the trial court did not err in refusing to consider the motion for nonsuit. Again, we disagree. Although CR 41 does not speak to notice, the fact that the motion can be

made at any time before the plaintiff rests his or her case, and then must be granted by the court, indicates that prior written notice of the motion is not required. Indeed, motions for voluntary nonsuit are often made orally at trial, without substantial notice. If the trial court relied on lack of notice as a reason for refusing to grant Greenlaw's motion, it erred.

■ Renn argued for the first time that Greenlaw's appeal should be dismissed because the case is moot. Renn contended that the statute of limitations has run on Greenlaw's cause of action against both defendants and, as a consequence, Greenlaw could not refile the case even if we were to conclude that her motion to dismiss without prejudice should have been granted. Greenlaw counters that the applicable statute of limitations is tolled during an appeal to this court. This issue was not raised in the briefs and, therefore, we do not address it. *Hackler v. Hackler*, 37 Wn. App. 791, 796, 683 P.2d 241, *review denied*, 102 Wn.2d 1021 (1984).

Finally, we observe that a plaintiff's motion for nonsuit should not be granted if a counterclaim has been interposed by defendants, unless the counterclaim "can remain pending for independent adjudication by the court." CR 41(a)(3). The defendants did interpose a counterclaim for costs and fees. The trial court, however, adjudicated that issue by awarding the defendants their costs and fees, and that award has not been appealed. Consequently, the counterclaim does not serve as an impediment to the granting of Greenlaw's motion for voluntary nonsuit and the entry of an order dismissing her complaint without prejudice.

Reversed and remanded for entry of an order dismissing Greenlaw's complaint without prejudice.

PETRICH, C.J., and MORGAN, J., concur.