# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| CITY OF DUVALL, a municipal corporation, | No. 78531-1-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| ERIC S. LEVINE, | |
| Appellant. | FILED: October 14, 2019 |

APPELWICK, C.J. — In this unlawful detainer action, the trial court issued a writ of restitution against Levine, who had leased the Property from the City. Levine vacated the Property around the same time. Nine months later, Levine filed an answer and the City filed a motion for voluntary nonsuit. The City electronically filed its motion, but failed to serve it on Levine. The trial court granted the City's motion and dismissed the case. Over eight months after that, Levine filed a motion to restore his possession of the Property. He also sought a determination that he is the prevailing party under the lease and entitled to attorney fees. The trial court denied his motion. We affirm.

## FACTS

On March 23, 2012, Eric Levine entered into an agreement with the city of Duvall (City) to lease 18 acres of pasture open space at the Dougherty Farmstead (Property). The lease terms provided that the lease would expire on December 31 of each year unless renewed. They also provided that Levine would be in default

and breach of the lease if he (1) vacated or abandoned the Property, or (2) failed to timely pay rent.

In the event of any default or breach by Levine, the lease allowed the City to terminate Levine's possession of the Property by any lawful means. In doing so, the City had the right to recover "all damages incurred . . . by reason of [Levine's] default including, but not limited to, the cost of recovering possession of the [Property] . . . and reasonable attorneys [sic] fees." The lease further provided,

> In the event of any action or proceeding brought by either party against the other under this Lease, the prevailing party shall be entitled to recover attorneys [sic] fees in such action or proceeding, including costs of appeal, if any, in such amount as the court may adjudge reasonable. In addition, should it be necessary for [the City] to employ legal counsel to enforce any of the provisions herein contained, [Levine] agrees to pay all attorney's fees and court costs reasonably incurred.

By June 2016, Levine had repeatedly failed to pay rent or utilities, owing the City $2,112.20. The City served notices to pay or vacate at three addresses associated with Levine. He did not comply with the notices. As a result, on June 20, 2016, the City filed an unlawful detainer action against him. It sought restitution of the Property, past rent, money damages equal to the reasonable daily rental value of the Property for each day Levine unlawfully held over, attorney fees and costs, and interest. The City also moved for an order directing Levine to appear and show cause why the trial court should not issue a writ of restitution. The trial court granted the motion.

After attempting to serve Levine with the summons and complaint at an address in Cashmere, Washington, the trial court granted the City's motion to

2

authorize service by publication. The City then filed a second motion for an order to show cause. The trial court granted the motion, ordering Levine to appear in King County Superior Court on September 30, 2016, to show cause why the trial court should not issue a writ of restitution.

The day before the show cause hearing, Levine filed a response to the motion to show cause.[1] He argued that the City's motion was frivolous, and that the order to show cause did not put him on notice of the procedures to be used at the hearing. Levine failed to appear at the hearing, and the trial court entered an order directing that a writ of restitution be issued to restore the Property to the City. The King County sheriff's office served the writ on Levine on October 21, 2016. Prior to the writ being served, the City learned that Levine had abandoned the Property.

On July 26, 2017, nine months after abandoning the Property, Levine filed an answer. He asserted "the following affirmative defenses: estoppel; facts that relate directly to possession and payment of rent that excuse any breach of the lease agreement; laches, release, and waiver." He also requested (1) a jury trial, and (2) that the trial court dismiss the lawsuit "and issue a judgment for any damages caused to the Defendant by wrongful issuance of the Writ of Restitution, set-offs, costs, and attorneys [sic] fees."

On August 3, 2017, the City filed a motion for voluntary nonsuit without prejudice pursuant to CR 41(a). It did not personally serve the motion on Levine.

---

[1] Levine did not file a notice of appearance in the case until October 3, 2016.

The trial court dismissed the action without prejudice the same day. Levine did not appeal the order of dismissal.

On April 5, 2018, over eight months after the action was dismissed, Levine filed a motion to restore his possession of the Property. He requested the following relief:

> 1. An Order directing the Clerk of the Court to issue a Writ of Restitution that restores possession of the subject property to Levine.
> 2. Waiver of all bond costs (other than Sheriff [sic] bond which cannot be waived).
> 3. Require the Plaintiff to pay all Writ fee costs including any required Sheriff [sic] bond fees.
> 4. An order that Levine is the prevailing party in this action.
> 5. An order directing Levine to bring his motion for the attorney fee [sic] award along with a supporting motion, memorandum, and declarations to support the fees.

He also noted that he never received notice of the City's motion for voluntary nonsuit.

Levine did not explicitly move for attorney fees in his motion. Rather, he requested a determination that he is the prevailing party in the action, noting that "[a] subsequent motion for award of attorneys' fees will be brought." In response to Levine's motion, the City filed a motion to strike the motion and impose CR 11 sanctions against him.

At the hearing on the motions, Levine clarified that he was looking for a determination that he was the prevailing party and entitled to attorney fees. He argued that the City should have provided him notice of its motion for voluntary nonsuit, and that he should have been provided with the order of dismissal. He acknowledged that he had 10 days from the order of dismissal to request attorney

4

fees, but, because he was not aware of the order, he did not know that the 10 days had started. The trial court stated, "I think [the City] gave you notice via the . . . mandatory [electronic filing] system we have here at King County." In response, Levine further explained that he "never received anything."

The trial court ultimately found that Levine's motion was "untimely and improper procedurally." It explained,

> [The motion] should have been brought, I think probably as a [CR] 60 motion with[in] a reasonable amount of time. There's no showing of reasonableness here at all. I think it's an improper motion. There is no authority or -- or basis for which the Court could reinstate the complaint or restore the property. A proper dismissal was entered almost a year ago.

It further added that "there's no basis for the kind of relief that [Levine] has requested." The trial court denied Levine's motion to restore, and denied the City's motion to strike Levine's motion and impose sanctions.

Levine then filed a motion for reconsideration. He again sought a determination that he "is the prevailing party in this matter and entitled to attorney's fees in an amount to be determined by an appropriate motion." The trial court denied the motion. Levine appeals.

## DISCUSSION

Levine makes essentially two arguments. First, he argues that, in filing its motion for voluntary nonsuit, the City failed to comply with the civil rules and King County local rules regarding electronic filing and service. Second, he argues that he is entitled to attorney fees at the trial court level, because he is the prevailing party under the lease agreement.

The trial court denied Levine's motion to restore on the basis that it was "improper," explaining that it should have been brought as a CR 60 motion within a reasonable amount of time. The trial court also determined that there was no authority under which it could reinstate the complaint or restore Levine's possession of the Property. This court reviews questions of law and conclusions of law de novo.[2] Sunnyside Valley Irrig. Dist. v. Dickie, 149 Wn.2d 873, 880, 73 P.3d 369 (2003).

I.   Motion for Voluntary Nonsuit

Levine argues first that the City failed to comply with the civil rules and King County local rules regarding electronic filing and service in filing its motion for voluntary nonsuit.

Levine never appealed the order of dismissal in this case. Thus, that order is not on review. Levine's argument that the City failed to comply with certain rules in filing its motion is connected to his argument for attorney fees. He states that, because the City failed to comply with these rules, it "denied [him] the opportunity to be aware of the motion and voluntary nonsuit under CR 41, and directly led to [his] failure to file a motion for attorney's fees within [10] days."

Levine argues at length that, under King County Local General Rule (KCLGR) 30, the City was required to electronically file its CR 41(a) motion for voluntary nonsuit. The City did electronically file its motion. Levine also argues

_____

[2] The City argues that the order denying Levine's motion to restore should be reviewed for abuse of discretion. It relies on the standards of review for a CR 60(b) motion to vacate, and a CR 41(a) motion to dismiss. Levine never brought a motion to vacate. And, he never appealed the order of dismissal in this case. Accordingly, the rules governing each type of motion do not apply.

6

that, under the same rule, the City was required to electronically serve its motion. The City concedes that it did not electronically serve its motion. If it had, Levine explains that "he may not have been made aware of the Order of Voluntary Dismissal, but he surely would have known it had been brought, and he would have been on notice that there may be an Order in the court file."

KCLGR 30(b)(4)(B)(i) provides that, "[w]hen a party [electronically files] a document, the party must electronically serve (e-serve) the document." Despite this rule, the City contends that it was not required to personally serve or provide Levine notice of its CR 41(a) motion. It relies on Greenlaw v. Renn, 64 Wn. App. 499, 824 P.2d 1263 (1992).

In Greenlaw, the plaintiff filed a motion for voluntary dismissal the day before the defendants' summary judgment motion was scheduled to be heard. Id. at 500-01. She served the defendants with a copy of the motion that same day. Id. at 501. The trial court declined to rule on Greenlaw's motion and granted summary judgment. Id. This court reversed on appeal. Id. at 504. It found that, where a motion for voluntary nonsuit is filed before the hearing on a summary judgment motion has started, the motion must be granted as a matter of right. Id. at 503.

On appeal, the defendants argued in part that Greenlaw failed to comply with CR 6(d) by failing to give at least five days' notice of her motion for voluntary dismissal. Id. This court disagreed. Id. It noted that, although CR 41 does not speak to notice, "the fact that the motion can be made at any time before the

plaintiff rests his or her case, and then must be granted by the court, indicates that prior written notice of the motion is not required." Id. at 503-04.

Greenlaw is distinguishable. Greenlaw both filed the motion and served it. Id. at 501. What she did not do was give five days' notice, which, under CR 6(d), is applicable to motions. The court on appeal disagreed that five days' notice of a motion for voluntary dismissal was required. Id. at 503. It held that if the trial court relied on the lack of notice as a reason to deny Greenlaw's motion, it erred. Id. at 504. Thus, failure to serve the motion was not at issue, and the Greenlaw court did not address it.

The City failed to electronically serve its motion for voluntary nonsuit on Levine, in violation of KCLGR 30(b)(4)(B)(i).

II.    Prevailing Party and Attorney Fees

Levine argues second that he is the prevailing party under the lease agreement, because the City obtained a voluntary dismissal. The lease did not define "prevailing party."

Levine's argument for attorney fees assumes that he is the prevailing party. Specifically, he relies on Walji v. Candyco, Inc., 57 Wn. App. 284, 287-88, 787 P.2d 946 (1990) for the proposition that, when the plaintiff obtains a voluntary nonsuit, the defendant is the prevailing party.

In Walji, Queen Anne Group filed a lawsuit to enforce a commercial lease against Candyco. Id. at 286. The lawsuit was subject to mandatory arbitration, which Queen Anne Group lost. Id. Queen Anne Group then requested a trial de novo, and, just before trial, moved to amend its complaint after discovering that it

had been administratively dissolved before the lawsuit. Id. It asked that its former shareholders be substituted as plaintiffs. Id. The trial court denied its motion, and eventually allowed Queen Anne Group to take a nonsuit under CR 41(a)(2). Id. The court granted attorney fees to Candyco under a prevailing party attorney fee provision in the lease. Id. The provision stated, "'[T]he prevailing party shall be entitled to a reasonable attorneys' fee and all costs and expenses expended or incurred in connection with such default or action.'" Id. at 287.

On appeal, Queen Anne Group argued that the trial court erred in granting attorney fees to Candyco. Id. It contended that the definition of "prevailing party" in RCW 4.84.330 must be used in interpreting the lease provision. Id. RCW 4.84.330 defines "prevailing party" as "the party in whose favor final judgment is rendered." A voluntary dismissal is not a final judgment. Walji, 57 Wn. App. at 289. But, this court noted that Queen Anne Group cited no authority, nor offered any compelling legal reason, for adopting the statutory definition of "prevailing party" in interpreting the provision. Id. at 288. It stated, "At the time of a voluntary dismissal, the defendant has 'prevailed' in the common sense meaning of the word." Id. And, "in interpreting the lease, the intention of the parties are to be given effect." Id. There was "no reason to believe that the parties intended to incorporate [the] statutory definition, which is not even the usual legal definition." Id.

Like Walji, RCW 4.84.330 does not apply here. The purpose of RCW 4.84.330 is to make unilateral contract provisions bilateral. Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 489, 200 P.3d 683 (2009). The lease here

9

allows the "prevailing party" to recover attorney fees. Such language is bilateral, because it could require either Levine or the City to pay attorney fees.

But, unlike Walji, Levine surrendered possession of the Property during the action, and did not regain possession before the lease expired. In October 2016, the trial court issued a writ of restitution restoring the Property to the City. Without renewal, the lease expired on December 31, 2016. Levine cites no authority that would allow him to regain possession beyond this date. Thus, the City obtained what it sought in its complaint—restitution of the Property. While it also sought past rent and money damages against Levine, Levine is wrong to assume that he is the prevailing party under these circumstances. Those claims were dismissed without prejudice and could be reasserted. Thus, he did not prevail on either the possession or damages claims asserted by the City.

Even if Levine were the prevailing party, he did not explicitly move for attorney fees in his motion to restore. Instead, he requested a determination that he is the prevailing party, and, as a result, an order directing him to bring a motion for attorney fees.

The trial court stated that Levine should have brought his motion to restore "as a [CR] 60 motion [within] a reasonable amount of time." This statement shows that it understood his motion should have been a motion to vacate the order of dismissal under CR 60(b), so that it could be amended as to the prevailing party determination. Treating it as such a motion, the trial court found that there was no showing that the motion was brought within a reasonable time.

A trial court's decision whether to vacate a judgment or order under CR 60(b) is reviewed for abuse of discretion. Luckett v. Boeing Co., 98 Wn. App. 307, 309, 989 P.2d 1144 (1999). Levine filed his motion to restore over eight months after the trial court dismissed the case. He has the burden of establishing that he brought the motion within a reasonable time. See Fireside Bank v. Askins, 6 Wn. App. 2d 431, 439, 430 P.3d 1145 (2018) ("The party seeking vacation of a judgment under CR 60(b) bears the burden of establishing entitlement to relief."). This is true even where he asserts that he was not given notice of the motion or order he seeks to vacate. Without evidence of when he actually first learned of the order, the trial court has no factual basis to determine that he acted within a reasonable time. Levine did not provide evidence indicating when he became aware of the order of dismissal. Nor does he argue that the order was void and thus not subject to a timeliness determination. See CR 60(b)(5). Accordingly, the trial court did not abuse its discretion in denying Levine's motion to restore.

And, even if we were to construe Levine's motion to restore as a motion for attorney fees,[3] again, he filed the motion over eight months after the trial court dismissed the case. Under CR 54(d)(2), a party seeking attorney fees and expenses must file a claim by motion "no later than 10 days after entry of judgment."

---

[3] In the order denying Levine's motion to restore, the trial court characterized his motion as a "motion for an order to restore possession of property . . . and for defendant's attorney[ fees]." Thus, it appears that the trial court may have also construed his motion as a motion for attorney fees.

As established above, the City failed to electronically serve Levine with the motion for voluntary nonsuit. Therefore, he may not have been aware of the order of dismissal within 10 days of its entry. A trial court has discretion to enlarge the 10 day limit for filing a motion for attorney fees. See CR 54(d)(2) (The deadline applies "[u]nless otherwise provided by . . . order of the court."). CR 6(b) provides procedures for enlarging the time in CR 54(d)(2).

This court reviews a trial court's decision to award or deny attorney fees for an abuse of discretion. Gander v. Yeager, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). After 10 days have passed since entry of a judgment, a trial court may permit a party to file a claim for attorney fees if that party shows excusable neglect. See CR 6(b)(2). The moving party has the burden of showing such neglect. See id. A trial court is has discretion to permit a party to file such a claim. See id.

Levine did not file his motion to restore until April 5, 2018, over eight months after the trial court dismissed the case. He does not provide evidence as to when he became aware of the order of dismissal. Nor does he cite any case law where, due to excusable neglect, a court permitted a party to file a claim for attorney fees several months late. Although Levine may not have been aware of the order within 10 days, he does not explain why it took him over 8 months to seek attorney fees. Accordingly, there is no basis in the record to conclude that the trial court abused its discretion in denying his motion.[4]

---

[4] Levine also assigns error to the trial court's denial of his motion for reconsideration. This court reviews the denial of a motion for reconsideration for an abuse of discretion. West v. Dep't of Licensing, 182 Wn. App. 500, 516, 331 P.3d 72 (2014). Levine does not make any arguments in his opening brief specific to the denial of reconsideration. Because this court can sustain the trial court's

12

III.  Attorney Fees on Appeal

Levine requests attorney fees on appeal under RAP 18.1 and section 28.K of the lease agreement.[5]  Section 28.K provides that "[i]n the event of any action or proceeding brought by either party against the other under this Lease, the prevailing party shall be entitled to recover attorneys [sic] fees in such action or proceeding, including costs of appeal, if any, in such amount as the court may adjudge reasonable."  Because Levine does not prevail on appeal, we deny his request.

The City also requests attorney fees under RAP 18.1, and sections 21.B and 28.K of the lease agreement.  Because the City prevails on appeal, we grant its request.

We affirm.

WE CONCUR:

---

judgment upon any theory established by the pleadings and supported by the proof, it would be impossible for this court to both affirm the trial court's denial of the motion to restore and hold that its denial of reconsideration was an abuse of discretion.  See Adamson v. Port of Bellingham, 192 Wn. App. 921, 925, 374 P.3d 170 (2016).  Accordingly, because we affirm, we conclude that the trial court did not abuse its discretion in denying reconsideration.

[5] Levine also requests that he be awarded attorney fees "for any hearings in the future before the trial court."  Because he cites no authority for such a request, we deny it.