# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| WCEM, INC., a Washington Corporation, | No. 47500-6-II |
| Appellant | |
| v. | |
| LOST LAKE RESORT, LLC, a Washington Limited Liability Company, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — WCEM, Inc. appeals the trial court's order dismissing its claims with prejudice based on its willful violation of the court's case scheduling order.[1] We hold that the trial court did not err when it dismissed WCEM's claims with prejudice because WCEM willfully violated the court's case scheduling order, the case had been pending for a year and a half, and WCEM moved to dismiss without prejudice after the court struck its witnesses. We affirm the trial court's award of CR 11 sanctions against Gerling individually. We also award Lost Lake its reasonable attorney fees and costs on appeal under RAP 18.1(a) and under the frivolous claims statute, RCW 4.84.185.

---

[1] WCEM also argues that the trial court erred when it excluded all witnesses without considering lesser sanctions. Because we hold that the trial court did not err when it dismissed WCEM's claims with prejudice, we do not reach this issue.

FACTS

In September 2009, WCEM and Lost Lake entered into a promissory note in which Lost Lake agreed to repay WCEM $33,914.64 no later than June 2010. The promissory note provided that "[i]f action be instituted on this note, Maker agrees to pay such sum as the Court may fix as attorney[ ] fees." Clerk's Papers (CP) at 81.

In February 2014, WCEM filed a complaint against Lost Lake for breach of contract and alleged that Lost Lake owed WCEM monies on the promissory note. The trial court's case schedule required that the parties file their disclosure of primary witnesses by September 22. WCEM concedes that it did not file a disclosure of primary witnesses until March 9, 2015.

On March 23, Lost Lake filed a motion to exclude testimony from WCEM's primary witnesses and to prohibit WCEM from calling any undisclosed witnesses based on its willful violation of the trial court's case scheduling order. On March 30, the date of the scheduled trial, the trial court granted Lost Lake's motion to exclude WCEM's witnesses. The trial court found that WCEM's untimely disclosure of trial witnesses was willful and without a reasonable excuse or justification; that its untimely disclosure of trial witnesses caused substantial prejudice to Lost Lake's ability to prepare for trial; and, that a lesser sanction, such as a monetary sanction, was considered, but would not have been adequate.

Immediately after the trial court granted Lost Lake's motion to exclude WCEM's witnesses, WCEM moved to dismiss the claim without prejudice under CR 41.[2] Lost Lake objected because the case had been pending for a year and a half and asked the trial court to dismiss WCEM's claim with prejudice. The trial court granted WCEM's motion to dismiss, but dismissed the claim with prejudice.

On April 22, Lost Lake filed a motion for attorney fees and costs. Lost Lake argued it was entitled to fees based on the promissory note[3] and the frivolous claims statute.[4] Lost Lake also argued that it was entitled to CR 11[5] sanctions against WCEM and against Christian Gerling, WCEM's owner and president, because Gerling had signed the discovery under oath stating that

---

[2] CR 41 provides that an action shall be dismissed by the trial court "[u]pon motion of the plaintiff at any time before plaintiff rests at the conclusion of plaintiff's opening case" unless a counterclaim cannot be independently adjudicated by the trial court. CR 41(a)(1)(B), (a)(3). Unless otherwise stated in the order of dismissal, the dismissal is without prejudice. CR 41(a)(4).

[3] Where a contract specifically provides that attorney fees and costs incurred to enforce the provisions of such contract shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney fees and costs. RCW 4.84.330.

[4] In any civil action where the trial court has jurisdiction and finds that the action, counterclaim, cross claim, third party claim, or defense was frivolous and advanced without reasonable cause, the trial court may require the nonprevailing party to pay the prevailing party the reasonable expenses, including attorney fees, incurred in opposing such action, counterclaim, cross claim, third party claim, or defense after a voluntary or involuntary order of dismissal. RCW 4.84.185.

[5] CR 11 provides that the signature of a party to a pleading, motion, or legal memorandum constitutes a certificate that the party has read the document and that to the best of their knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact. If the pleading, motion, or legal memorandum is signed in violation of CR 11, the trial court may impose upon the person who signed it, a represented party, or both, appropriate sanctions, including an order to pay the other party's reasonable expenses and attorney fees incurred because of the filing. CR 11.

WCEM was an active corporation since 2001. WCEM objected to an award of fees and costs under the frivolous claims statute and under CR 11, but not under the promissory note.

The trial court found that WCEM was not a licensed or an active corporation when the note was executed with Lost Lake on September 1, 2009, nor was WCEM a licensed or an active corporation when it sued to enforce the note on February 6, 2014. The trial court further found that Gerling, as the owner and the president of WCEM, answered interrogatories on behalf of WCEM, and stated under oath that WCEM had operated as a corporation since 2001. Based on these findings, the trial court concluded that because WCEM was not a licensed or active corporation, that it had no legal standing to enter into the claimed promissory note or to sue to enforce the note, and that there was "no rational legal or factual basis to support [WCEM's] claims . . . and [WCEM's] entire lawsuit was frivolous." CP at 66.

The trial court also concluded that "[t]here was no legal or factual basis to support the interrogatory answers that Christian Gerling signed under oath" and that his interrogatory answers "were frivolous and advanced without reasonable cause." CP at 66-67. The trial court granted Lost Lake's motion for fees and costs based on the promissory note, the frivolous claims statute, and under CR 11. The trial court awarded Lost Lake reasonable attorney fees and costs against WCEM and Gerling, jointly and severally. WCEM appeals.[6]

---

[6] WCEM appeals the trial court's order dismissing the claim with prejudice and the trial court's award of fees and costs against Gerling individually under CR 11. WCEM does not appeal the trial court's award of fees and costs under the promissory note or the frivolous claims statute.

## ANALYSIS

### I. CR 41 MOTION TO DISMISS

WCEM argues that the trial court erred in refusing to grant its motion to dismiss without prejudice under CR 41(a)(1)(B) and argues that WCEM has a mandatory, absolute right to a dismissal without prejudice under *Calvert v. Berg*, 177 Wn. App. 466, 312 P.3d 683 (2013). We disagree.

We review a trial court's order granting a motion to dismiss with prejudice under CR 41(a)(1)(B) for an abuse of discretion. *Escude v. King County Pub. Hosp. Dist. No. 2*, 117 Wn. App. 183, 190, 69 P.3d 895 (2003). An abuse of discretion occurs when the ruling is manifestly unreasonable or discretion was exercised on untenable grounds. *Escude*, 117 Wn. App at 190. "[A] trial court has the discretion to grant a nonsuit with or without prejudice, especially as a part of the court's inherent power to impose a sanction of dismissal in a proper case." *Escude*, 117 Wn. App. at 191 (citing *In re Det. of G.V.*, 124 Wn.2d 288, 297-98, 877 P.2d 680 (1994)).

CR 41 provides that an action shall be dismissed by the court "[u]pon motion of the plaintiff at any time before plaintiff rests at the conclusion of plaintiff's opening case" unless a counterclaim cannot be independently adjudicated by the trial court. CR 41(a)(1)(B), (a)(3). Unless otherwise stated in the order of dismissal, the dismissal is without prejudice. CR 41(a)(4).

Here, WCEM moved to dismiss its claim without prejudice on the morning of trial after the case had been pending for a year and a half. WCEM had failed to prepare its case adequately and chose to move to dismiss rather than proceeding. The trial court acted within its discretion by imposing dismissal with prejudice as the consequence for WCEM's failure to comply with the court's scheduling order or to be prepared after a year and a half. The trial court found that

WCEM's untimely disclosure of trial witnesses was willful and without a reasonable excuse or justification; that its untimely disclosure of trial witnesses caused substantial prejudice to the defendant's ability to prepare for trial; and that a lesser sanction, such as a monetary sanction, had been considered, but would have been inadequate. Accordingly, dismissing the case with prejudice was reasonable in light of WCEM's willful violation of the trial court's scheduling order.

The trial court had the inherent power to determine whether to dismiss with or without prejudice under CR 41. *Escude*, 117 Wn. App. at 191. The trial court's ruling was not manifestly unreasonable or an abuse of discretion. Thus, we hold that the trial court did not err when it dismissed WCEM's claims with prejudice under CR 41(a)(1)(B).

## II. CR 11 SANCTIONS AWARD

WCEM argues that because Gerling was not a party to the action and he did not sign any of the pleadings, the trial court erred in awarding CR 11 sanctions. We disagree.

We review an award of CR 11 sanctions for an abuse of discretion. *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d 448 (1994). A trial court's award of CR 11 sanctions requires specific findings that "either the claim is *not* grounded in fact or law and the attorney or party failed to make a reasonable inquiry into the law or facts, *or* the paper was filed for an improper purpose." *Biggs*, 124 Wn.2d at 201.

As analyzed above, the trial court's findings, that there was no legal or factual basis to support the interrogatory answers that Gerling signed under oath and that his interrogatory answers were frivolous and advanced without reasonable cause, support the court's award of CR 11 sanctions against Gerling individually. Thus, we hold that because the trial court found a CR 11 violation, the trial court did not err in awarding CR 11 sanctions against Gerling, and we affirm.

### III. ATTORNEY FEES AND COSTS ON APPEAL

Lost Lake requests attorney fees and costs on appeal under RAP 18.1(a) and the frivolous claims statute, RCW 4.84.185. RAP 18.1(a) provides that we may award a party reasonable attorney fees and costs on appeal when an applicable law grants the party the right to recover them. The trial court found that WCEM's action was "frivolous and advanced without reasonable cause" under RCW 4.18.185. CP at 66. WCEM did not challenge this finding and it is a verity on appeal. *Kitsap County v. Kitsap Rifle & Revolver Club*, 184 Wn. App. 252, 267, 337 P.3d 328 (2014), *review denied*, 183 Wn.2d 1008 (2015). Also, WCEM lacked any capacity to sue or to enforce the note; therefore, Gerling's signed answers to discovery were advanced without reasonable cause. Thus, we award Lost Lake its reasonable attorney fees and costs on appeal under RAP 18.1(a) and under RCW 4.84.185.

## CONCLUSION

We affirm, and we award Lost Lake its reasonable attorney fees and costs on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

JOHANSON, P.J.

LEE, J.