[No. 35226. Department One. December 17, 1959.]

GEORGE G. KRAUSE *et al., Plaintiffs and Relators,* v. LLOYD BORJESSAN *et al., Defendants,* THE SUPERIOR COURT FOR SPOKANE COUNTY, *Ralph E. Foley, Judge, Respondent.*[1]

*Paul K. Cooney,* for plaintiffs and relators.

*Herrman, Banta & Johnson,* for defendants and respondents.

PER CURIAM.—By writ of certiorari, plaintiff seeks review of an order of the trial court dismissing plaintiffs' action without prejudice, but refusing to dismiss defendants' cross-complaint.

The facts are these:

March 26, 1958, plaintiffs commenced this action for relief by reason of the terms of an alleged contract.

April 1, 1959, plaintiffs moved for a voluntary dismissal without prejudice. This motion was served on defendants' counsel and noted for argument on April 6, 1959. The trial court continued the hearing until April 13, 1959.

April 9, 1959, defendants filed an answer, setoff, and cross-complaint. May 15, 1959, the trial court granted the motion to dismiss plaintiffs' action without prejudice, "with exception of defendants' cross-complaint."

[1]Reported in 347 P. (2d) 893.

■ Relators (plaintiffs) contend that the trial court erred when it allowed defendants' cross-complaint to stand. We agree.

In *McKay v. McKay*, 47 Wn. (2d) 301, 304, 287 P. (2d) 330 (1955), this court said:

"Under this rule [Rule of Pleading, Practice and Procedure 4, RCW, Vol. 0], a plaintiff is entitled to a voluntary nonsuit at any time before he rests at the conclusion of his opening case unless the defendant has interposed a set-off or sought affirmative relief growing out of the same transaction, or set up a counterclaim to the property or thing which was the subject matter of the action. The plaintiff's right in this respect is absolute and involves no element of discretion on the part of the trial court. *In re Archer's Estate*, 36 Wn. (2d) 505, 219 P. (2d) 112; *Herr v. Schwager*, 133 Wash. 568, 234 Pac. 446.

" . . .

"However, *the right to a voluntary nonsuit is fixed at the moment that it is claimed. A defendant is not thereafter entitled to claim a set-off or seek affirmative relief so as to prevent the granting of the nonsuit,* . . ." (Italics ours.)

When relators moved for a voluntary dismissal on April 1, 1959, their right thereto became fixed and absolute. Defendants had not yet interposed a setoff nor sought affirmative relief.

This case must be remanded to the trial court, with instructions to dismiss defendants' setoff and cross-complaint.

It is so ordered.