[No. 1646-1.    Division One.    December 3, 1973.]

JOHNNIE D. PAULSON, *as Administratrix, Respondent,* v. HARLEY WAHL *et al., Appellants.*

*Williams, Lanza, Kastner & Gibbs* and *Henry E. Kastner*, for appellants.

*Guterson & Rousso* and *Louis Rousso*, for respondent.

SWANSON, C.J.—Should a plaintiff be entitled as a matter of right to a voluntary nonsuit after the defendants file motions for summary judgment supported by affidavits? The trial court answered this query in the affirmative, and without ruling on the merits of defendants' motions, granted plaintiff Johnnie D. Paulson's motion for a voluntary dismissal without prejudice. Only the defendants, Dr. Anderson and Dr. Wahl, appeal from the judgment of dismissal.[1]

The facts pertinent to the question raised by this appeal are as follows: On October 5, 1971, plaintiff Johnnie D. Paulson, as administratrix of the estate of Thomas R. Paulson, deceased, filed an amended complaint seeking damages based on alleged medical malpractice which was answered by a general denial. Several months thereafter, each of the defendant doctors filed motions for summary judgment supported by affidavits containing expert medical testimony indicating that each had followed the proper standard of care in the treatment of the deceased, leaving no basis for the claim of negligence. Plaintiff filed no controverting affidavit, but instead filed a motion for voluntary dismissal which was granted, and this appeal followed.

The basis of defendants' contention is that a motion for summary judgment amounts to a prayer for affirmative relief and is analogous to a defendant presenting affirmative evidence at trial after the plaintiff has rested, so that a

---

[1] Defendant Northwest Hospital does not appeal from the judgment of dismissal.

plaintiff's right to a voluntary dismissal is permissive only and requires a showing of good cause. Consequently, defendants argue that after such a motion is made supported by affirmative proof of the absence of negligence, a trial court is required first to hear and decide the motion for summary judgment, and, only if it is denied, may it consider the motion for a voluntary dismissal. In support of this argument, defendants cite *Shoberg v. Kelly*, 1 Wn. App. 673, 463 P.2d 280 (1969), as an analogous situation. In *Shoberg*, a malpractice case, the defendants sought a summary judgment and had filed an affidavit indicating the absence of negligence. The plaintiff resisted the motion, but only by his attorney's affidavit which failed to furnish the trial court with any controverting proof based on expert medical opinion. The trial court's order of summary judgment was upheld on appeal. Defendants point to this language in *Shoberg* at page 676 to support their argument:

> In the absence of a properly supported motion to stay the hearing, the trial court had a right and duty to hear the motion for summary judgment on the basis of the showing before it. [Citations omitted.]

Defendants' reliance upon *Shoberg* as a case with an identical legal posture is misplaced. Here, plaintiff Paulson, by filing a motion for voluntary dismissal, in effect asked that the hearing on the motions for summary judgment be stayed; however, defendants further contend that their motions when filed were in effect submitted to the court for determination, so that the plaintiff's right to a voluntary nonsuit was lost. For this contention defendants primarily rely upon the decision of our Supreme Court in *Beritich v. Starlet Corp.*, 69 Wn.2d 454, 418 P.2d 762 (1966), where the court, after a discussion of the apparent conflict between the voluntary nonsuit and summary judgment procedures, held that after a motion for summary judgment was submitted to the trial court for decision and its favorable decision on the motion orally announced, voluntary nonsuit was no longer available as a matter of right.

The difficulty with defendants' position is that the court

in *Beritich* failed to make clear the earliest point in the summary judgment procedure at which the right to a voluntary nonsuit is lost. The court noted that the statute and the rule dealing with voluntary dismissals, RCW 4.56.120 and RPPP 41.08W, the predecessor to CR 41, were both in existence prior to the enactment of the rules establishing the summary judgment procedure, and determined that the most recently adopted provision should be utilized to resolve any conflict between the two procedures. The court then looked to what is now CR 56(c), which governs summary judgment and states in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The court concluded that under the circumstances, where the summary judgment motion in all respects had been submitted to the court for decision "forthwith" and, in fact, the court had announced its decision adverse to the plaintiff in a manner deemed analogous by the court to the situation contemplated by RCW 4.56.120(1)(b), the plaintiff had lost his right to "exit stage left" by taking a voluntary nonsuit as a matter of right. To hold otherwise, the court noted, would make the summary judgment procedure a virtual nullity, at least from the defendant's standpoint. The *Beritich* court, however, did not reach the position advanced by the defendants in the instant case, namely, that the act of filing their motions for summary judgment alone is sufficient to bar the nonmoving plaintiff's motion for voluntary dismissal. *See* Trautman, *Motions for Summary Judgment —Their Use & Effect in Washington,* 45 Wash. L. Rev. 1 (1970).

■ The present rule governing voluntary dismissal is CR 41, which states in part:

(a) Voluntary Dismissal.
(1) *Mandatory.* Subject to the provisions of Rule

23 (e) and 23.1, any action shall be dismissed by the court:

. . .

(B) By Plaintiff Before Resting. Upon motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case.

In applying this rule to the case at bench, it is helpful to note that plaintiff's right to a voluntary nonsuit must be measured by the posture of the case at the precise time her motion was made, because her right to dismissal, if any, was fixed at that point. *Krause v. Borjessan,* 55 Wn.2d 284, 347 P.2d 893 (1959). *See Dellit v. Perry,* 60 Wn.2d 287, 373 P.2d 792 (1962). In this regard, we note CR 56(c) states in part:

The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party, prior to the day of hearing, may serve opposing affidavits.

Even though the defendants had filed their motions for summary judgment with supporting affidavits, plaintiff had not yet served opposing affidavits so, in contrast to the situation in *Beritich,* the motions had not been submitted to the court for determination when plaintiff's motion for voluntary dismissal was made.

■ We hold that a reasonable and proper interpretation of CR 41 (a) (1) (B) and CR 56 dictates that a nonmoving plaintiff in a summary judgment procedure retains the right to a voluntary nonsuit until the motion for summary judgment has been submitted to the court for decision. The mere filing of a defense motion for summary judgment with supporting affidavits and the scheduling of the matter for hearing does not constitute the submission of the motion to the court for decision, where no hearing has begun and the court has not otherwise exercised its discretion in the matter. *See Tucker v. Okey,* 130 Ill. App. 2d 903, 266 N.E.2d 121 (1970); *Matthews v. Weiss,* 15 Ill. App. 2d 530, 146 N.E.2d 809 (1958); *Sullivan v. Compton,* 61 Cal. App. 2d 500, 143 P.2d 357 (1943); *see generally* Annot., 36 A.L.R.3d 1113 (1971).

In the case at bar, we conclude that the nonmoving plaintiff's motion for voluntary dismissal was made prior to the time the defendants' motions for summary judgment were submitted to the court for determination, and therefore the trial court properly granted the plaintiff's motion as a matter of right.

The judgment is affirmed.

FARRIS and JAMES, JJ., concur.