COURT OF APPEALS DIV I
2013 NOV -4 AM II: 44


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MARK CALVERT, as Liquidating Trustee of Meridian Mortgage Investor Fund I, LLC, and Individual Investors, | NO. 69156-2-I |
| Appellants, | (Consolidated with Nos. 69350-6-I and 69351-4-I) |
| v. | DIVISION ONE |
| FREDERICK DARREN BERG, an individual, MOSS ADAMS, LLP; and DOES 1 through 50, inclusive, | PUBLISHED OPINION |
| Respondents. | FILED: November 4, 2013 |

LEACH, C.J. — Mark Calvert and over 600 individual investors appeal a trial court's imposition of sanctions for failure to comply with court orders to provide certain information to Moss Adams.[1] The investors claim that the trial court erred when it delayed granting their CR 41(a)(1)(B) motion for voluntary dismissal until after the deadline for compliance with the court orders. Because the court erred when it did not grant the investors' motion promptly, measured by the posture of the case at the time the motion was filed, we reverse.

---

[1] This case involves the claims of approximately 600 parties. The case caption contains each party's name. Including each name in the caption of this opinion would take several pages. In the interest of publishing economy, we order the abbreviation of the caption to that set forth above for purposes of this opinion and any post-opinion pleadings filed in an appellate court only.

FACTS

Frederick Darren Berg defrauded hundreds of investors through a Ponzi scheme. Moss Adams, acting as an independent outside auditor, audited some of Berg's investment funds. Mark Calvert, a court-appointed bankruptcy trustee, seeks to recover money for over 600 individual investors allegedly victimized in Berg's Ponzi scheme.

On December 7, 2011, Calvert and the investors sued Moss Adams for fraud, negligent misrepresentation, negligence, and violations of the Consumer Protection Act, chapter 19.86 RCW. Law firms Luvera, Barnett, Brindley, Beninger & Cunningham and Eagan Avenatti LLP represented the investors in this action.[2] On January 17, 2012, Moss Adams filed a CR 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted or, alternatively, under CR 12(e) for a more definite statement.

At the hearing on Moss Adams's motion, the trial court stated, "I do think that's not unreasonable to ask you to tell them which funds, which plaintiffs, what

---

[2] Luvera, Barnett, Brindley, Beninger & Cunningham and Eagan Avenatti LLP filed separate notices of appeal. These appeals, No. 69351-4-I and No. 69350-6-I, are consolidated under No. 69156-2-I. Luvera, Barnett, Brindley, Beninger & Cunningham filed a separate brief adopting "by reference the assignments of error, statement of issues, statement of the case, argument and conclusion, made in that brief." Eagan Avenatti LLP filed a separate brief to "join in, and adopt as their own as if set forth fully herein, the legal argument set forth in the Brief of Appellants Calvert, Edwards, and Eagan Avenatti LLP filed with this Court."

periods of time." The investors' counsel told the court, "[I]f we can get past this pleading stage, we'll stipulate to provide this information to counsel." At the end of the hearing, the court explained,

> I also think that the defendants are, most certainly, entitled to a lot more information than they're getting from this complaint right now. And I really want them to get that information now, not down the line with formal discovery. I agree that you may well be moving forward with formal discovery as to Moss Adams, I don't know. But I think now is [a] good time for everybody to figure out who's claiming against Moss Adams and based on what.
>
> I will accept the plaintiff's offer, provided that it's done within the next 30 days. Okay? To tell the defendants, specifically, as to your 600 plaintiffs: Who invested in which fund, when they invested, how much they invested, what audit, if any, by Moss Adams they looked at or relied upon? And when I say, "what audit," I mean you need to specify as to which fund did they look at or rely on Moss Adams' audit.

On February 17, 2012, the trial court denied Moss Adams's motion except as to the Consumer Protection Act claim, which it dismissed without prejudice. The court's order stated,

> Plaintiffs are ordered to provide to Defendants within thirty (30) days the following information: as to each Plaintiff (a) who invested in which fund; (b) when they invested; (c) how much they invested; and (d) what audit they looked at or relied upon. If this information is not provided the Court will consider directing a Bill of Particulars.

After the investors failed to provide the required information by the specified deadline, Moss Adams moved for sanctions against the investors on

-3-

April 9, 2012. On May 1, the court entered an order granting this motion, which

stated,

- Plaintiffs are ordered to produce materials fully compliant with this Court's Order of February 17, 2012 ("February Order") within thirty (30) days of this order;

- Plaintiffs shall not issue any discovery to Moss Adams for 30 days from the date of this order;

- The deadlines for any discovery already issued by Plaintiffs to Moss Adams shall be stayed and tolled for 30 days from the date of this order; and

- Plaintiffs shall provide a full Bill of Particulars which at a minimum makes the disclosures required by this Court's 2/17/12 order by 45 days from the date of this order (unless the disclosure required by this Court on 2/17/12 is provided within 30 days of the date of this order).

- Failure to either comply in full with this Court's 2/17/12 order or the Bill of Particulars required in this order by the relevant deadline set forth in this order will result in an award of sanctions for, at a minimum, all Moss Adams' fees and costs for pursuing this information.

The court granted no monetary relief to Moss Adams. Moss Adams makes no

claim that the trial court reserved for later decision any issue it raised in its

motion.

Before providing any materials responsive to the court's May 1 order, the

investors filed a CR 41(a)(1)(B) motion for voluntary dismissal without prejudice

on May 21 and noted it for hearing on May 30. In response, Moss Adams asked

the court to dismiss the investors' claims with prejudice, compel the investors to comply with the February 17 and May 1 orders, and impose sanctions. Moss Adams also filed motions to strike the investors' reply on the motion to dismiss, for sanctions, to revoke Eagan Avenatti's pro hac vice admission, and to shorten time.

On June 15, 2012, the investors filed a bill of particulars. On June 18, Moss Adams filed a supplemental submission regarding plaintiffs' continued noncompliance with court orders, requesting that the court dismiss the investors' claims with prejudice, strike the investors' reply, sanction Eagan Avenatti by ordering it to pay Moss Adams's costs and attorney fees, and revoke Eagan Avenatti's pro hac vice status. The investors moved to strike this supplemental submission, and Moss Adams opposed the motion to strike and again requested sanctions.

On July 3, 2012, the trial court entered an order denying Moss Adams's motion to strike the investors' reply and for other sanctions, denying as moot Moss Adams's motion to shorten time, denying Moss Adams's motion to revoke counsel's pro hac vice status, and denying the investors' motion to strike Moss Adams's supplemental submission for sanctions. In the order, the court directed Moss Adams

to file a pleading which notifies this Court what information ordered by this Court on February 17, 2012 and May 1, 2012 has allegedly not been provided, documents what costs and fees Moss Adams has expended to obtain that information, and provides a proposed judgment for any requested monetary sanction. Plaintiffs may respond to this pleading and Moss Adams may reply. If these submissions are complete before July 31, 2012, the Court will rule on them before issuing its order on the motion for voluntary dismissal. If the Court again receives pleadings on other matters, they will timely be considered, but the court will rule on the voluntary dismissal no later than July 31, 2012.

In response to this order, Moss Adams filed a motion for judgment awarding monetary sanctions. The investors opposed this motion. On July 26, 2012, the trial court entered a judgment against the investors and their counsel for $74,086.50 in sanctions for "fees and costs incurred by Moss Adams in attempting to obtain the ordered information."[3] On July 27, the court granted the investors' CR 41(a)(1)(B) motion for voluntary dismissal without prejudice.

The investors appeal.

---

[3] The investors satisfied this judgment on July 30, 2012.

STANDARD OF REVIEW

We review de novo the trial court's application of CR 41(a)(1)(B) to the facts.[4]

ANALYSIS

The investors claim that they had a right to an immediate order of dismissal without prejudice under CR 41(a)(1)(B). They also assert that the trial court erred in imposing sanctions because the court lacked authority to require them to produce the specified information, they did not violate the court's February 17 and May 1 orders, the court failed to articulate the legal or factual basis for imposing the sanctions, and the possible legal grounds for sanctions do not apply here. Additionally, the investors contend that the sanction award was excessive. We reverse the court's judgment awarding monetary sanctions to Moss Adams.

The investors argue, "Under CR 41(a)(1)(B), the investors had a mandatory, absolute right to dismissal of its action without prejudice, fixed on the day of the filing of the motion. Any pending matters were rendered a nullity once that dismissal motion was filed." We agree that the investors were entitled to

---

[4] League of Women Voters of Wash. v. King County Records, Elections & Licensing Servs. Div., 133 Wn. App. 374, 378, 135 P.3d 985 (2006).

dismissal without prejudice and without delay, measured by the posture of the case at the time they filed their motion.

CR 41(a)(1)(B) states,

**(a) Voluntary Dismissal.**

(1) <u>Mandatory</u>. Subject to the provisions of rules 23(e) and 23.1, any action shall be dismissed by the court:

. . . .

(B) . . . . Upon motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case.

A plaintiff's right to a voluntary nonsuit must be measured by the posture of the case at the precise time the motion is made because the right to dismissal, if any, becomes fixed at that point.[5] In <u>Paulson v. Wahl</u>,[6] the court held that the plaintiff had a right to a voluntary dismissal when he filed a motion to dismiss instead of responding to the merits of a defendant's motion for summary judgment. Although a voluntary dismissal under CR 41(a)(1)(B) generally deprives a court of authority to decide a case on the merits, "the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees," which is collateral to the underlying proceeding.[7]

---

[5] <u>Paulson v. Wahl</u>, 10 Wn. App. 53, 57, 516 P.2d 514 (1973) (citing <u>Krause v. Borjessan</u>, 55 Wn.2d 284, 285, 347 P.2d 893 (1959)).
[6] 10 Wn. App. 53, 57, 516 P.2d 514 (1973).
[7] <u>Hawk v. Branjes</u>, 97 Wn. App. 776, 782-83, 986 P.2d 841 (1999).

The investors fixed their right to dismissal when they filed a CR 41 motion on May 21. Here, the first four provisions of the court's May 1 order suspended the investors' ability to conduct discovery as a sanction for violation of the February 17 order and required their compliance with the order by producing materials within 30 days and filing a bill of particulars within 45 days. The fifth paragraph of the May 1 order provided that the investors' failure to comply with these provisions would "result in an award of sanctions." As of May 21, the investors had not defaulted in performance of their May 1 order obligations. Thus, they had not triggered the order's economic sanctions provision.

Under Paulson, the investors had the right to respond to the May 1 order with a CR 41 motion that fixed their rights as of its filing date. Because the deadline to comply with the court's May 1 order did not expire until after the investors filed their CR 41(a)(1)(B) motion, the investors had the right not to comply with that order and to avoid any consequences for their noncompliance. Because the trial court's May 1 order resolved Moss Adams's earlier request for sanctions for violation of the February 17 order, no motion for sanctions was pending at the time the investors filed their CR 41(a)(1)(B) motion. The trial court should have granted the motion measured by that posture of the case. Moss

Adams, by filing additional motions, could not deprive the investors of the right that became fixed when they filed their CR 41(a)(1)(B) motion.

The investors also claim that the trial court did not have authority to require them to produce the specified information. Because they do not appeal the February 17 or May 1 orders that imposed this requirement, we do not address this issue.[8]

Additionally, the investors contend that they complied with the court's February 17 order. Their argument hinges on the bill of particulars that they provided after they moved to dismiss on May 21. Because the trial court determined on May 1 that the investors did not comply with the February order and the investors do not appeal the May 1 order, we decline to address this issue.[9] Also, in view of our decision, the issue is moot.

The investors further allege that the trial court erred in imposing sanctions because the court "entered no findings of fact or conclusions of law. It did not cite to CR 11, CR 37, or some other basis for sanctions." They also assert that the cost award was excessive. Because we hold that the trial court should have granted the investors' CR 41(a)(1)(B) motion measured by the posture of the

---

[8] See RAP 2.4(a) ("The appellate court will, at the instance of the appellant, review the decision or parts of the decision designated in the notice of appeal.").

[9] See RAP 2.4(a).

case at the time the motion was filed and the sanction award was based upon the investors' conduct after they filed their motion, we reverse the court's July 25, 2012, order awarding monetary sanctions to Moss Adams.

## CONCLUSION

Because the investors had a right to a nonsuit when they moved for voluntary dismissal under CR 41(a)(1)(B) and Moss Adams was entitled to no monetary sanctions at that time, we reverse the trial court's order awarding monetary sanctions to Moss Adams.

_Leach, C.J._

WE CONCUR: