# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CARLOS GUTIERREZ, | ) | No. 75209-0-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| ICICLE SEAFOODS, INC., | ) | |
| an Alaska corporation, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 3, 2017 |
| | ) | |

LEACH, J. — The trial court granted Carlos Gutierrez's request to dismiss his lawsuit against Icicle Seafoods Inc. without prejudice. Icicle appeals this decision, claiming that Gutierrez lost the right to request this relief by filing a response to Icicle's summary judgment motion. Because Gutierrez made his request before the scheduled hearing on Icicle's motion had started, the summary judgment motion had not been submitted to the trial court for decision. Thus, we affirm the trial court.

## FACTS

Gutierrez developed a sore throat while working as a processor on one of Icicle's commercial fishing vessels, the P/V R.M. Thorstensen. Over the next few days, Gutierrez's flu-like symptoms worsened. He had difficulty breathing and could not eat or drink. He visited the vessel's nurse several times. About eight

days after his symptoms began, he was taken off the boat in St. Paul, Alaska, and flown by medical aircraft to Anchorage and then to a hospital in Seattle, Washington. There, doctors diagnosed him with a life-threatening illness and performed surgery.

Gutierrez sued Icicle. He asserted several claims, including negligence under the Jones Act,[1] unseaworthiness, and failure to pay maintenance and cure.[2] After extensive discovery, Icicle moved for summary judgment. Gutierrez filed a comprehensive response to the motion. Two days later, Gutierrez moved for a voluntary nonsuit under CR 41. Over Icicle's objection, the trial court granted the motion. It dismissed Gutierrez's negligence and unseaworthiness claims without prejudice but dismissed Gutierrez's failure to pay maintenance and cure claim with prejudice because Gutierrez had withdrawn that claim in his summary judgment response.

The trial court retained jurisdiction to enter orders imposing attorney fees consistent with an earlier decision. But it declined to consider any additional requests for fees.

---

[1] 46 U.S.C. § 30104.
[2] General maritime law requires a shipowner to pay a seaman a daily stipend for food and lodging (maintenance) and the cost of reasonable, necessary medical treatment (cure) when the seaman becomes ill in the service of a vessel. Tuyen Thanh Mai v. Am. Seafoods Co., 160 Wn. App. 528, 538, 249 P.3d 1030 (2011).

ANALYSIS

CR 41

First, we consider Icicle's challenge to the trial court's dismissal of Gutierrez's complaint under CR 41(a)(1)(B). This court reviews a decision to grant a voluntary dismissal under CR 41 for abuse of discretion.[3] But it reviews the application of a court rule to undisputed facts de novo.[4]

CR 41(a)(1)(B) requires that a trial court dismiss a case "[u]pon motion of the plaintiff at any time before plaintiff rests at the conclusion of plaintiff's opening case." After the plaintiff rests his opening case, the court may grant a voluntary nonsuit upon a showing of good cause and appropriate conditions.[5] "A plaintiff's right to a voluntary nonsuit must be measured by the posture of the case at the precise time the motion is made because the right to dismissal, if any, becomes fixed at that point."[6] In the summary judgment context, Washington courts have determined that a plaintiff retains the right to a voluntary nonsuit until the motion for summary judgment has been "submitted to the court for decision."[7]

---

[3] Farmers Ins. Exch. v. Dietz, 121 Wn. App. 97, 100, 87 P.3d 769 (2004).
[4] Farmers Ins. Exch., 121 Wn. App. at 100; Calvert v. Berg, 177 Wn. App. 466, 471, 312 P.3d 683 (2013).
[5] CR 41(a)(2).
[6] Calvert, 177 Wn. App. at 472.
[7] Paulson v. Wahl, 10 Wn. App. 53, 57, 516 P.2d 514 (1973).

Relying on this court's decision in <u>Paulson v. Wahl</u>,[8] the trial court concluded that "a case has been 'submitted' for decision only once oral argument on summary judgment is waived or has convened." We agree that this case had not yet been submitted to the court for decision when Gutierrez filed his CR 41 motion.

Icicle contends that the parties have submitted a case for decision as soon as the opposing party files its opposition to summary judgment. Three Washington cases have interpreted when a case is submitted for decision in the context of a motion for summary judgment. These cases support the trial court's decision.

In <u>Beritich v. Starlet Corp.</u>,[9] our Supreme Court decided that a plaintiff could not move for a voluntary nonsuit after the court had announced its summary judgment decision. The court observed that "[t]he summary judgment procedure, at least from the defendant's viewpoint, would become a virtual nullity if a plaintiff can 'exit stage left' upon hearing an adverse oral decision of the trial judge on the summary judgment motion."[10]

<u>Beritich</u> did not state exactly when a plaintiff loses the right to a voluntary nonsuit. In <u>Paulson</u>, this court clarified that a plaintiff does not lose the right to

---

[8] 10 Wn. App. 53, 57, 516 P.2d 514 (1973).
[9] 69 Wn.2d 454, 459, 418 P.2d 762 (1966).
[10] <u>Beritich</u>, 69 Wn.2d at 458.

have the case voluntarily dismissed when a defendant files a summary judgment motion.[11] We decided that the parties had not submitted the case for decision because "no hearing [had] begun and the court [had] not otherwise exercised its discretion in the matter."[12]

In Greenlaw v. Renn,[13] Division Two decided that expiration of the time for submitting responsive materials did not end the plaintiff's right to a voluntary dismissal without prejudice. Because the hearing on the motion had not started, the parties had not submitted the case to the court for decision.[14] The court held that "where a motion for voluntary nonsuit is filed and called to the attention of the trial court before the hearing on a summary judgment motion has started, the motion must be granted as a matter of right."[15]

Here, unlike Beritich, but like Paulson and Greenlaw, the hearing on the matter had not started, and the court had given no indication of its decision on the motion. Significantly, this case does not present the concern expressed in Beritich, allowing a plaintiff to evade an unfavorable summary judgment decision before entry of a written order.

---

[11] Paulson, 10 Wn. App. at 55-57.
[12] Paulson, 10 Wn. App. at 57.
[13] 64 Wn. App. 499, 503, 824 P.2d 1263 (1992).
[14] Greenlaw, 64 Wn. App. at 500-02.
[15] Greenlaw, 64 Wn. App. at 503.

We find this case most analogous to Greenlaw. Although Gutierrez filed responsive briefing and Greenlaw did not, in both cases the time to file responsive briefing had expired.[16] The plaintiff occupied the same position in each case; neither plaintiff had the right to file additional briefing but each retained the opportunity to present oral argument at the summary judgment hearing. Like Greenlaw, the parties had not submitted the case to the trial court for decision.

Icicle's argument implicitly assumes that oral argument is window dressing that plays no role in the trial court's decision-making. We disagree. "A party resisting a summary judgment motion is entitled to a hearing before the trial court at which arguments can be made."[17] Oral argument can provide information and clarification that influences the court's decision. Until the court hears oral argument, the parties have not submitted to the court everything that the court will consider, unless the parties have waived argument.

Icicle also asserts that as a matter of fairness, dismissal was not appropriate here because extensive discovery had been completed and the court had ruled on several discovery-related issues. But Icicle does not and cannot cite any words in CR 41(a)(1)(B) supporting this claim. Nor does it cite any supporting case law. CR 41(a)(1)(B) does not grant discretion to the court to

---

[16] See Greenlaw, 64 Wn. App. at 500-01.
[17] Greenlaw, 64 Wn. App. at 503.

consider fairness. When Gutierrez filed his CR 41 motion, he had an absolute right to a voluntary nonsuit. The trial court had to grant his request for dismissal. It had no discretion to decide whether it considered dismissal without prejudice fair relief.

Because no hearing had started, the parties had not submitted the case for decision, and the trial court properly dismissed it without prejudice.

### Amendment

Icicle also claims that the order of dismissal should be amended to dismiss with prejudice any claims that Gutierrez abandoned or withdrew. Specifically, Icicle asserts that claims related to the failure to pay maintenance and cure and claims for economic loss should be dismissed with prejudice. As stated above, we review decisions on a CR 41 motion to dismiss for abuse of discretion.[18]

First, no remand is necessary to dismiss with prejudice claims related to failure to pay maintenance and cure. Gutierrez's response to the summary judgment motion stated that "he withdraws his claim for failure to pay maintenance and cure (though he does not withdraw his claims based on defendant's failures to provide cure)." The trial court found that Gutierrez

---

[18] Escude v. King County Pub. Hosp. Dist. No. 2, 117 Wn. App. 183, 187, 69 P.3d 895 (2003).

"unequivocally withdrew his claim for failure to pay maintenance and cure" and, accordingly, dismissed that particular claim with prejudice. Icicle asserts that the trial court order should expressly include other related claims, such as claims about the sufficiency of seaman's benefits and claims for damages related to the administration or payment of seaman's benefits. But the trial court order precisely reflects what Gutierrez conceded. We find remand for clarification unnecessary.

Second, we decline to remand to include dismissal of any additional economic loss claims with prejudice. Icicle contends that Gutierrez abandoned his economic loss claims with his response to Icicle's interrogatories that "Plaintiff is not making a claim for lost wages—other than with respect to any unearned wages that may not have been paid—or impaired future earning capacity." Icicle asserts that by this statement Gutierrez abandoned any claim for loss of wages and any claim for economic loss should be dismissed with prejudice. We disagree.

"A trial court's discretion under CR 41(a)(4) to order dismissal with prejudice should be exercised only in limited circumstances where dismissal without prejudice would be pointless."[19] For example, courts will dismiss a claim with prejudice when the statute of limitations has run or where the plaintiff has

---

[19] Escude, 117 Wn. App. at 187.

conceded the claim.[20] Here, Gutierrez never conceded that the challenged claim was meritless, and Icicle has not shown that the statute of limitation had run. Under these circumstances, Icicle has not shown that dismissal without prejudice would be pointless.

## CR 37

Finally, Icicle contends that the trial court should have retained jurisdiction to consider Icicle's motion for fees under CR 37(c). "Although a voluntary dismissal under CR 41(a)(1)(B) generally deprives a court of authority to decide a case on the merits, 'the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees,' which is collateral to the underlying proceeding."[21] CR 37 provides the trial court with broad discretion "to make wh[a]tever . . . disposition is just in the light of the facts of the particular case.'"[22] Here, the trial court acted within its discretion in declining to consider the CR 37 motion.

Icicle has not proved a matter that Gutierrez refused to admit, entitling it to recover fees under CR 37(c). CR 37(c) permits a party to seek reasonable expenses and attorney fees incurred in proving the truth of an issue that the

---

[20] Escude, 117 Wn. App. at 191-92.
[21] Calvert, 177 Wn. App. at 473 (quoting Hawk v. Branjes, 97 Wn. App. 776, 782-83, 986 P.2d 841 (1999)); see also Escude, 117 Wn. App. at 192.
[22] Mavis v. King County Pub. Hosp. No. 2, 159 Wn. App. 639, 652, 248 P.3d 558 (2011) (alterations in original) (quoting Reid Sand & Gravel, Inc. v. Bellevue Props., 7 Wn. App. 701, 705, 502 P.2d 480 (1972)).

opposing party did not admit in response to a CR 36 request for admission. Here, in response to Icicle's requests for admissions, Gutierrez denied that he had been paid the full amount of maintenance owed to him. After Gutierrez withdrew his claim for maintenance, Icicle sought to request fees incurred in developing the issue. Icicle argues that Gutierrez's withdrawal of this claim entitles it to fees and costs under CR 37(c). We disagree. A party may withdraw a claim for reasons unrelated to the merits of the claim. The cost of litigation is one example. Icicle cannot rely on the withdrawal to show that it proved the issue.

Further, Icicle did not tell the trial court that it wanted to introduce additional evidence that would prove the issue. On appeal, Icicle characterizes its request as seeking an opportunity to submit the issue for the trial court's consideration. But Icicle asserted to the trial court that "Defendant has proved the truth of each of these matters th[r]ough Plaintiff's written discovery responses and/or Plaintiff's Opposition to Defendant's Summary Judgment Motion." Icicle did not ask the trial court for an opportunity to prove the matter, only the opportunity to apply for an order awarding expenses. The trial court had no reason to retain jurisdiction when Icicle had not proved the issue and did not ask for the chance to present additional evidence that would prove it.

A trial court has discretion to decide whether to impose sanctions. Here, the trial court retained jurisdiction to award Icicle some fees, recognizing its authority to do so, but also indicated that it would not consider any further issues. The trial court did not abuse its discretion in declining to retain jurisdiction to permit Icicle to make an additional request for fees.

## CONCLUSION

Because the hearing on the summary judgment motion had not started or been waived, the parties had not submitted Icicle's summary judgment motion for decision. Thus, Gutierrez retained his right to a voluntary nonsuit. Also, Icicle has not shown that the trial court committed any error in dismissing only one claim with prejudice or that it abused its discretion in declining to retain jurisdiction to consider Icicle's CR 37(c) motion. We affirm.

_Leach, J._

WE CONCUR:

_Verellen, C.J._          _Spearman, J._