**FILED**
**MAY 17, 2018**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| Botany Unlimited Design and Supply, | ) | No. 35037-1-III |
| LLC dba Botany Unlimited Design and | ) | |
| Supply, License #412061, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) | |
| | ) | |
| LIQUOR AND CANNABIS BOARD, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, C.J. — Botany Unlimited Design and Supply (Botany)

moved for voluntary dismissal of its sole cause of action against the Washington State

Liquor and Cannabis Board (Board). The Board urged the trial court to grant Botany's

motion but to dismiss with prejudice. The trial court agreed with the Board and dismissed

the cause of action with prejudice. Botany appeals the "with prejudice" nature of the

dismissal. We affirm.

FACTS

On September 15, 2015, the Board issued a final order denying Botany's request to renew its license to produce and process marijuana.[1] On October 15, 2015, Botany filed a complaint for damages in Franklin County Superior Court. Its sole cause of action was a land use claim under RCW 64.40.020. The parties agree that this claim is subject to a 30-day period of limitations and was not timely asserted.

In June 2016, Botany filed a motion requesting to dismiss its "cause of action." Clerk's Papers (CP) at 12. Botany did not note its motion. Months later, the Board noted Botany's motion, and a hearing was held on November 7, 2016.

At the hearing, the Board argued that Botany's motion to dismiss should be granted, but that the dismissal should be with prejudice. The Board gave two reasons. First, when a plaintiff voluntarily requests a dismissal under CR 41, a trial court has authority to dismiss with prejudice when the claim is barred by a statute of limitations. Second, the case schedule had trial set on October 12, 2016, and the trial did not occur.

---

[1] Botany attempted to appeal that order by filing a petition for review in superior court. Botany's petition was never properly served, and the superior court dismissed it. We affirmed. *In re License Application of Botany Unlimited Design and Supply, LLC*, 198 Wn. App. 90, 391 P.3d 605, *review denied*, 188 Wn.2d 1021, 398 P.3d 1143 (2017).

Botany responded that it had an absolute right to dismiss its claim without prejudice and was unaware there was a trial setting.

The trial court asked the Board to hand up its order, and said it was dismissing with prejudice. The trial court signed the Board's order. The order however contained a blank instead of language describing what the trial court ordered.

On December 12, 2016, the Board noted a motion to correct the error to include the trial court's ruling. The next day, Botany filed a motion to amend or vacate the trial court's order and requested clarification that the dismissal with prejudice pertained only to the cause of action asserted in its complaint. By separate orders on January 26, 2017, the trial court denied Botany's motion to amend or vacate the order and granted the Board's motion to correct the clerical error. The operative language of the second order provides, "The case is dismissed with prejudice." CP at 64.

Botany appeals the trial court's January 26, 2017 orders.

ANALYSIS

DISMISSAL OF CASE WITH PREJUDICE

Botany argues that the trial court erred when it ordered dismissal with prejudice. We first set forth the appropriate standard of review and then determine whether the trial court's dismissal with prejudice was appropriate.

3

*Standard of review for voluntary dismissals*

This court reviews an order granting voluntary dismissal for an abuse of discretion. *Gutierrez v. Icicle Seafoods, Inc.*, 198 Wn. App. 549, 553, 394 P.3d 413 (2017). But we review the application of a court rule to undisputed facts de novo. *Id.*

*Construction of a trial court's order*

The parties disagree on the impact of the trial court's order dismissing Botany's lawsuit. Botany argues that the order potentially impacts causes of action not asserted in its complaint. The Board takes no position on the breadth of the trial court's order.

Where an order is ambiguous, a reviewing court seeks to ascertain the intention of the trial court by using general rules of construction. *In re Marriage of Gimlett*, 95 Wn.2d 699, 704-05, 629 P.2d 450 (1981). When the meaning of written language is unclear, we consider the surrounding circumstances attendant to the writing. *Bauman v. Turpen*, 139 Wn. App. 78, 88-89, 160 P.3d 1050 (2007).

Here, Botany filed a motion to voluntarily dismiss its "cause of action." CP at 12. The Board agreed that Botany's motion should be granted but urged the trial court to dismiss with prejudice. It is evident from the surrounding circumstances—i.e., the Board's agreement with Botany's motion that Botany's cause of action should be dismissed—that the order dismissed only Botany's cause of action.

4

*The trial court properly exercised its authority*

CR 41(a) pertains to voluntary dismissals.  CR 41(a)(1)(B) mandates a trial court

to grant a plaintiff's voluntary motion to dismiss an action if the motion is made prior to

the close of plaintiff's opening case.  CR 41(a)(4) explains when the dismissal is with

prejudice or without prejudice.  CR 41(a)(4) provides:

> Unless otherwise stated in the order of dismissal, the dismissal is without
> prejudice, except that an order of dismissal operates as an adjudication upon
> the merits when obtained by a plaintiff who has once dismissed an action
> based on or including the same claim in any court of the United States or of
> any state.

In *Gutierrez v. Icicle Seafoods*, we noted: "'A trial court's discretion under

CR 41(a)(4) to order dismissal with prejudice should be exercised only in limited

circumstances where dismissal without prejudice would be pointless.'"  198 Wn. App. at

557 (quoting *Escude v. King County Pub. Hosp. Dist. No. 2*, 117 Wn. App. 183, 187, 69

P.3d 895 (2003)).  Here, the only claim dismissed by the trial court with prejudice was

barred by a statute of limitations and reassertion of that claim would have been pointless.

No. 35037-1-III
*Botany Unlimited v. Liquor and Cannabis Bd.*

We conclude the trial court did not err and affirm.[2]

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____          _____
Korsmo, J.                                                    Pennell, J.

_____

[2] Because our holding grants the relief requested in Botany's December 2016 motion to amend or vacate the dismissal, we need not address whether the trial court erred in denying that motion.

6