# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SUBWAY REAL ESTATE, LLC, a Delaware limited liability company, | No. 77510-3-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| REBECCA J. ARMOUR, aka REBECCA J. WILSON, an individual, | |
| Respondent. | FILED: January 14, 2019 |

APPELWICK, C.J. — Subway, a lessee, brought an unlawful detainer action against sublessee, Wilson. The trial court found that under the leases Subway's lessor, not Subway, was the proper party to bring the unlawful detainer action against Wilson. The trial court dismissed with prejudice Subway's claims and awarded Wilson attorney fees. Subway argues that its claims should have been dismissed without prejudice, and that the court erred in awarding attorney fees. We affirm.

## FACTS

Seawest Investment Associates LLC leased space in Kirkland to Subway Real Estate LLC. Subway then subleased the premises to franchisee Rebecca Armour, also known as Rebecca Wilson (Wilson), for Wilson to operate a Subway restaurant. The sublease required Wilson to pay rent directly to Seawest, the landlord under the master lease.

On January 6, 2017, Seawest served Subway with a 10 day notice to comply or vacate, alleging that Subway owed $20,865.44 in outstanding rent and late fees.[1] On April 26, 2017, Subway served Wilson with a notice to pay outstanding rent or vacate within five days. Subway then filed an unlawful detainer action against Wilson on May 4, 2017. In response, Wilson argued that she did not owe rent, but was actually owed credit for repairs she had made.

In its order of dismissal, the trial court observed that Wilson is obligated to pay rent to Seawest, not Subway. And, it stated that Wilson had rent-offset rights[2] that she can exercise only against Seawest, not Subway. The trial court concluded that Subway was not liable for Wilson's counterclaims, and that Subway was not the proper party to bring the unlawful detainer action against Wilson. The court then dismissed without prejudice Subway's claims against Wilson.

Wilson moved for attorney fees under a fee provision in the sublease and RCW 4.84.330. Subway opposed the motion. Subsequently, the trial court filed an amended order of dismissal, dismissing Subway's claims "with prejudice," "because Subway has no standing to assert such claims against [Wilson] on behalf of the Landlord, Seawest." Wilson then moved for attorney fees based on the

---

[1] The notice is dated January 6, 2016, but is also stamped as "received [January] 11, 2017." (Capitalization omitted.)

[2] While counterclaims are generally not allowed in unlawful detainer proceedings, there is an exception when the counterclaim, affirmative equitable defense, or set-off is based on facts which excuse a tenant's breach. Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985).

2

amended order of dismissal. The trial court granted the motion, awarding Wilson attorney fees pursuant to RCW 4.84.330. Subway appeals.[3]

## DISCUSSION

Subway asserts that the trial court erred in dismissing its claims "with prejudice," and in awarding Wilson attorney fees. It does not argue that dismissal was improper, but instead asserts that the trial court's original dismissal without prejudice was correct, and that the trial court erred in amending its order to a dismissal with prejudice.

### I. Dismiss with Prejudice

Subway argues that its claims against Wilson should not have been dismissed with prejudice. It asserts that (1) there was no decision on the merits of all of Subway's claims against Wilson, and (2) Subway "has to be in a position to assert its breach of contract claims" under the sublease against Wilson in a future action that Seawest may bring against both it and Wilson.

CR 41(a)(4) provides the trial court with the discretion to make the dismissal with prejudice in an appropriate case. Escude v. King County Pub. Hosp. Dist. No. 2, 117 Wn. App. 183, 192, 69 P.3d 895 (2003). "'A trial court's discretion under CR 41(a)(4) to order dismissal with prejudice should be exercised only in limited circumstances where dismissal without prejudice would be pointless.'" Gutierrez v. Icicle Seafoods, Inc., 198 Wn. App. 549, 557, 394 P.3d 413 (2017) (quoting Escude, 117 Wn. App. at 187). A voluntary dismissal is a final judgment when the

---

[3] Subway appeals the amended order of dismissal, the order denying its motion for reconsideration, and the order granting Wilson's motion for attorney fees.

court elects to dismiss with prejudice, because then it does not leave the parties as if the action had never been brought. Elliott Bay Adjustment Co., Inc. v. Dacumos, 200 Wn. App. 208, 214, 401 P.3d 473 (2017). The court's decision to dismiss with prejudice bars the plaintiff from bringing the same claim against the defendant. See id.

Subway's complaint alleged that Wilson failed to pay rent and was still in possession of the premises. Subway asked the trial court to terminate the sublease, restore its rights to the premises, and enter a judgment against Wilson for outstanding rent, damages, and attorney fees. Unlawful detainer actions are brought pursuant to RCW 59.12.030, which provides generally for a summary proceeding to determine the right of possession as between landlord and tenant. Munden, 105 Wn.2d at 45. The action is a narrow one, limited to the question of possession and related issues such as restitution of the premises and rent. Id.

Under the sublease, Wilson owed rent to Seawest, not Subway. Consequently, Subway did not have standing to bring the unlawful detainer action. The trial court did not err in concluding that dismissal was required. The lack of standing will not change. Therefore, dismissal without prejudice would have been pointless. The trial court did not err in dismissing with prejudice.

Subway contends that the trial court did not reach its breach of contract claims against Wilson. That is true. But, even if it could have brought the unlawful detainer action, contract claims are outside the scope of the unlawful detainer action, and must be raised in a separate action. The trial court took no action to

4

rule on any putative contract claims Subway may choose to assert subsequently in such an action.

II. Attorney Fees

Subway argues that the trial court should not have awarded Wilson attorney fees under RCW 4.84.330, because to receive an award Wilson must have been entitled to a final judgment. And, Subway argues that the court "did not resolve the issue of whether [Wilson] owed unpaid rent to Subway under the subcontract between those two parties."

An award of attorney fees is proper when authorized by the parties' agreement, by statute, or by a recognized ground in equity. Hous. Auth. v. Bin, 163 Wn. App. 367, 377, 260 P.3d 900 (2011).

Subway relies on Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 492, 200 P.3d 683 (2009). In Wachovia, our Supreme Court defined a final judgment as "'[a] court's last action that settles the rights of the parties and disposes of all issues in controversy.'" Id. (quoting BLACK'S LAW DICTIONARY 859 (8th ed. 2004)). The court held that a voluntary dismissal is not a final judgment by this definition because it "leaves the parties as if the action had never been brought." Id. Wachovia differs from this case, because there the court asked whether there is a prevailing party under RCW 4.84.330 when the trial court dismisses without prejudice. Id. at 490. Here, the trial court dismissed with prejudice, and Subway cannot refile the unlawful detainer action against Wilson.

The purpose of RCW 4.84.330 is to make unilateral contract provisions bilateral. Id. at 489. The statute expressly awards fees to the prevailing party in a

contract action. Id. It further protects its bilateral intent by defining a prevailing party as one that receives a final judgment. Id.

The sublease between Subway and Wilson contains an attorney fee provision. The trial court dismissed Subway's claims with prejudice, which is a final judgment in favor of Wilson. Thus, pursuant to RCW 4.84.330, the trial court did not err in awarding Wilson attorney fees and costs.

## III.   Attorney Fees on Appeal

Wilson asks this court to award her attorney fees on appeal. Because Wilson is the prevailing party on appeal, she is entitled under the sublease to an award of attorney fees for this appeal, subject to compliance with RAP 18.1. Bin, 163 Wn. App. at 378.

We affirm.

WE CONCUR: