# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR BEAR STEARNS ARM TRUST 2007-3, | No.  53743-5-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| DANIEL G. SZMANIA, | |
| Appellant. | |

SUTTON, J. — Wells Fargo purchased real property at a trustee's sale, which was formerly owned by Daniel Szmania.  After Szmania failed to vacate the property, Wells Fargo filed an unlawful detainer action.  Szmania filed a motion to dismiss based in part on insufficient service, which the superior court denied and then entered a writ of restitution.  Szmania appealed.  We reversed the superior court's denial of his motion to dismiss based on insufficient service and remanded for further proceedings.  On remand, Szmania filed a motion for possession and damages.  At a hearing on this motion, Wells Fargo orally moved to dismiss under CR 41(a)(1)(B). The superior court entered orders denying Szmania's motion and granting Wells Fargo's motion. Szmania appeals these orders.

Szmania argues that he is entitled to possess the real property and be awarded damages under RCW 59.18.290(1)[1] because he is a "tenant" and based on this court's reversal of the superior court's denial of his motion to dismiss. Szmania also argues that the superior court erred by granting Wells Fargo's oral motion to dismiss under CR 41(a)(1)(B). He requests appellate attorney fees and costs.

We hold that (1) RCW 59.18.290(1) does not support Szmania's claim for possession and damages, (2) this court's prior opinion provides no basis for his motion for possession and damages, and (3) the superior court did not err by granting Wells Fargo's oral motion to dismiss the case. We deny Szmania's request for an award of appellate attorney fees and costs. We affirm the superior court's order denying Szmania's motion for possession and damages and granting Wells Fargo's motion to dismiss.

## FACTS[2]

In July 2016, Wells Fargo purchased property located in Brush Prairie, Washington at a trustee's sale held pursuant to RCW 61.24. Szmania, the former owner of the property, failed to vacate the property following sale. In December 2016, Wells Fargo filed a complaint for unlawful detainer to remove Szmania from the premises and secure possession of its purchased property.

On January 23, 2017, Wells Fargo filed a motion for alternative service, requesting that the superior court allow alternative service by posting the unlawful detainer summons and complaint

---

[1] The legislature amended RCW 59.18.290 in 2020. LAWS OF 2020, ch. 315 § 7. Because the amendments are not relevant here, we cite to the current version of the statute.

[2] Unless otherwise indicated, the following facts derive from *Wells Fargo Bank v. Szmania*, noted at 7 Wn. App. 2d 1003 (2019).

on the premises and by mailing a copy to Szmania. In support of this motion, Wells Fargo attached a declaration of non-service from the process server, who stated that he had attempted to serve Szmania, but could not because the gate was locked, a car blocked the driveway, and a banner on the premises indicated a threatening environment. The superior court granted Wells Fargo's motion and entered an order for alternative service. This order stated that pursuant to RCW 59.12.040, service of process could be completed by posting a copy of the summons and complaint "in a conspicuous place on the subject [p]roperty" and by mailing a copy to Szmania by certified mail. *Wells Fargo*, slip op. at 2 (internal quotation marks omitted).

On February 2, Wells Fargo filed a declaration of service in which the process server stated that he served Szmania on January 30 "[b]y attaching in a secure manner to the main entrance of that portion of the premises of which the defendant has possession" the unlawful detainer summons and complaint. *Wells Fargo*, slip op. at 3 (internal quotation marks omitted). Wells Fargo also filed a certificate of mailing, which stated that a copy of the summons and complaint had been mailed to Szmania by first class mail on February 1.

On February 16, Szmania filed a motion to dismiss Wells Fargo's unlawful detainer action pursuant to CR 12(b)(1)-(6). Szmania argued that the superior court did not have subject matter jurisdiction or personal jurisdiction over the unlawful detainer action because a prior, separate lawsuit he initiated against Wells Fargo had since been removed to federal court and service of process was improper.

The superior court denied Szmania's motion to dismiss in May 2017. The superior court also entered an order for default judgment on Wells Fargo's unlawful detainer complaint, and

3

entered an order to issue writ of restitution without bond, which ordered possession of the premises restored in Wells Fargo. Szmania appealed.

We held that "Wells Fargo did not comply with the statutory requirement for alternative service, and it did not meet its initial burden of proving a prima facie case of sufficient service" because Wells Fargo did not show proof of service by certified mail. Clerk's Papers (CP) at 9. However, we rejected Szmania's arguments that the superior court lacked jurisdiction or that venue was improper and declined to address the merits of Szmania's CR 12(b)(6) arguments.

After this case was remanded to the superior court for further proceedings, Szmania filed a motion entitled "Motion for Possession and Damages." Wells Fargo opposed the motion.

On August 9, 2019, the superior court heard arguments on the motion. Wells Fargo orally moved for dismissal of the case under CR 41(a)(1)(B). The superior court subsequently entered an order denying Szmania's motion for possession and damages[3] and an order granting Wells Fargo's motion to dismiss.[4] Szmania appeals these orders.

## ANALYSIS

### I. STANDARD OF REVIEW

RCW 59.18.290 is part of Washington's Residential Landlord-Tenant Act of 1973[5] and it contains provisions allowing a tenant to recover possession of real property or damages from a landlord. RCW 59.18.290(1). Reviewing whether this statute applies outside of the landlord-

---

[3] CP at 181 (order denying motion for possession and damages, filed Aug. 9, 2020).

[4] CP at 179 (order dismissing action, filed Aug. 9, 2020).

[5] Ch. 59.18 RCW.

tenant context is a question of law and questions of law are reviewed de novo. *End Prison Indus. Complex v. King County*, 192 Wn.2d 560, 566, 431 P.3d 998 (2018). We also review de novo whether this court's prior reversal of the superior court's denial of Szmania's CR 12(b)(6) motion to dismiss grants him possession and damages. *End Prison Indus. Complex*, 192 Wn.2d at 566.

## II. RCW 59.18.290(1)

Szmania argues that RCW 59.18.290(1) entitles him to possession of the real property at issue in this case and to actual damages sustained.[6] We disagree.

Under RCW 59.18.290(1),

It is unlawful for the landlord to remove or exclude from the premises the tenant thereof except under a court order so authorizing. Any *tenant* so removed or excluded in violation of this section *may recover possession of the property* or terminate the rental agreement and, in either case, *may recover the actual damages sustained*. The prevailing party may recover the costs of suit or arbitration and reasonable attorneys' fees.

(Emphasis added.)

The term "tenant" is defined as "any person who is entitled to occupy a dwelling unit primarily for living or dwelling purposes under a rental agreement." RCW 59.18.030(32).[7]

---

[6] Szmania claims that he is a "tenant in sufferance" under RCW 59.04.050. Appellant's Opening Br. at 23. Under RCW 59.04.050, "Whenever any person obtains possession of premises without the consent of the owner or other person having the right to give said possession, he or she shall be deemed a tenant by sufferance merely, and shall be liable to pay reasonable rent for the actual time he or she occupied the premises . . . ." Szmania's claim fails because this statute, even if applicable, did not convey to Szmania any rights, nor does it entitle him to rights as a tenant under any portion of the Residential Landlord Tenant Act. It instead provides property owners the right to recover reasonable rent from any person wrongfully occupying the property. Accordingly, this argument fails.

[7] The legislature amended RCW 59.18.030 in 2019. LAWS OF 2019, ch. 356 § 5. Because the amendments are not relevant here, we cite to the current version of the statute.

Szmania was not a tenant of Wells Fargo, was not entitled to occupy the real property in question at any relevant time, and did not have a rental agreement with Wells Fargo.

Szmania's motion for possession and damages referred to CR 7(b), but this rule provides certain standards for written motions in Washington State courts and does not provide a basis for any substantive relief. Szmania's motion referred to RAP 12.8 as well, but this rule references restoration of property taken from a party as a result of a trial court decision modified on appeal. This rule is inapplicable here because Szmania has not established a property interest or right to occupy the property at issue in this case when the case was filed or any time thereafter.

Accordingly, we hold that the superior court correctly denied Szmania's motion for possession and damages because the motion was based upon an inapplicable statute and Szmania did not cite any other potentially applicable authorities.

### III. OUR EARLIER OPINION

Szmania argues that our earlier opinion regarding this matter entitles him to possession of the real property at issue and damages. We disagree.

In Szmania's first appeal, we rejected his substantive arguments that the superior court lacked subject matter jurisdiction and that venue was improper. We held that service had not been properly completed and reversed the denial of Szmania's CR 12(b)(6) motion to dismiss on that ground alone. Szmania assumes that this reversal meant that he had a right to continue to occupy the real property at issue.

However, our earlier opinion simply reversed the denial of the motion to dismiss and left further proceedings to the superior court. We did not instruct that the motion would be granted below or granted with prejudice. Our earlier opinion did not determine or suggest that Szmania

6

had any rights in the real property. The earlier opinion simply held that Wells Fargo had improperly served Szmania.

Accordingly, we hold that the superior correctly denied Szmania's motion for possession and damages because the motion lacked any legal basis upon which the superior court could have granted any relief.

## IV. WELLS FARGO'S ORAL MOTION TO DISMISS

Szmania argues that the superior court erred by granting Wells Fargo's oral motion to dismiss under CR 41(a)(1)(B). We disagree.

We review a decision to grant a voluntary dismissal under CR 41 for an abuse of discretion. *Gutierrez v. Icicle Seafoods, Inc.*, 198 Wn. App. 549, 553, 394 P.3d 413 (2017). CR 41(a)(1)(B) provides the plaintiff in a Washington action with an absolute right to dismiss the action before resting at the close of its case in chief. *Gutierrez*, 198 Wn. App. at 553. Here, Wells Fargo, the plaintiff in the unlawful detainer case, orally moved for dismissal of the case under CR 41(a)(1)(B) before it rested. The superior court subsequently granted the motion.

Accordingly, we hold that the superior court did not err by granting Wells Fargo's oral motion to dismiss under CR 41(a)(1)(B).

No. 53743-5-II

ATTORNEY FEES

Szmania requests an award of appellate attorney fees and costs under RAP 18.1. Because Szmania is self-represented, he is not entitled to attorney fees or costs. *Mitchell v. Dep't of Corr.*, 164 Wn. App. 597, 608, 277 P.3d 670 (2011). Thus, we deny Szmania's request for an award of appellate fees and costs.

CONCLUSION

We hold that (1) RCW 59.18.290(1) does not support Szmania's claim for possession and damages, (2) this court's prior opinion provides no basis for his motion for possession and damages, and (3) the superior court did not err by granting Wells Fargo's oral motion to dismiss the case. We deny Szmania's request for an award of appellate attorney fees and costs. We affirm the superior court's order denying Szmania's motion for possession and damages and order granting Wells Fargo's motion to dismiss.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, C.J.

GLASGOW, J.

8